**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00494-SCR**

| | | |
|---|---|---|
| **EPS - EHRHARDT + PARTNER SOLUTIONS, INC.,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **ORDER** |
| **HONEYWELL INTERNATIONAL INC., ET AL.,** | ) ) ) | |
| **Defendants.** | ) ) ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Or, In the Alternative, Transfer (Doc. No. 16) and Plaintiff's Motion to Enjoin Defendants from Pursuing Later-Filed Texas Action (Doc. No. 10). Having fully considered the arguments, the record, and the applicable authority, for the reasons set forth herein, Defendants' Motion to Dismiss Or, In the Alternative, Transfer (Doc. No. 16) is **GRANTED IN PART**, this action is hereby transferred to the Eastern District of Texas, and Plaintiff's Motion to Enjoin Defendants from Pursuing Later-Filed Texas Action (Doc. No. 10) is **DENIED AS MOOT**.

Under 28 U.S.C. § 1404(a), a district court may "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." Similarly, pursuant to 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall . . . in the interest of justice, transfer such case to any district or division in which it could have been brought." Southard v. D'Amelio, No. 3:03CV00505-W, 2006 WL 3453190, at *3 (W.D.N.C. Nov. 28, 2006). "The analysis of whether a transfer is 'in the interest of justice' is the same under

section 1404(a) as it is under section 1406(a)."  Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1201

n.5 (4th Cir. 1993).  The decision to transfer a case is within the district court's discretion "based

on an 'individualized, case-by-case consideration of convenience and fairness.'"[1] Progressive Se.

Ins. Co. v. Jordans Trucking, LLC, No.  3:23-CV-00777-KDB-DCK, 2024 WL 3512819, at *2

(W.D.N.C. July 23, 2024) (quoting Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).  In

evaluating whether to transfer a case, the courts in this District consider the following factors:

> (1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the
> relative ease of access of proof; (4) the availability of compulsory process for
> attendance of witnesses and the costs of obtaining attendance of willing witnesses;
> (5) the possibility of a view; (6) the enforceability of a judgment, if obtained; (7)
> the relative advantages and obstacles to a fair trial; (8) other practical problems that
> make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties
> of court congestion; (10) the interest in having localized controversies settled at
> home and the appropriateness in having the trial of a diversity case in a forum that
> is at home with the state law that must govern the action; and (11) the avoidance of
> unnecessary problems with conflict of laws.

Progressive Se. Ins. Co., 2024 WL 3512819, at *2 (citing W.M. Barr & Co. v. Dumond, Inc., No.

322-cv-00447, 2022 WL 17576338, at *4 (W.D.N.C. Dec. 9, 2022)).

This case arises after years of pre-litigation demands and discussions regarding allegations

that Plaintiff EPS Erhardt + Partner Solutions, Inc. ("Plaintiff" or "EPS") is infringing on certain

patents owned by Defendant Honeywell International, Inc. ("Honeywell") and its subsidiaries.

(Doc. No. 1 ¶¶ 20-33).  Ultimately, on July 9, 2025, Honeywell informed EPS it would "move this

matter forward" in "one fashion or another" unless EPS agreed to pay a license fee.  Id. ¶ 33.  On

that same day, Plaintiff filed this action in this District against Honeywell, Vocollect, Inc.

("Vocollect"), and Hand Held Products, Inc. ("Hand Held").  (Doc. No. 1).  Plaintiff brought a

---

[1] Defendants move to transfer this action under 28 U.S.C. § 2201; however, the Court need not delve into the parties'
arguments as to whether the action is an improper anticipatory declaratory action because, based on the facts here and
those same transfer-related arguments, the Court deems it appropriate to transfer this action pursuant to
28 U.S.C. § 1404(a), or alternatively, 28 U.S.C. § 1406(a).  See Feller v. Brock, 802 F.2d 722, 729 n.7 (4th Cir. 1986);
Southard, 2006 WL 3453190, at *3.

single claim for declaratory judgment specifically listing the following U.S. patent numbers: 8,700,405; 9,642,184; 8,255,219; 7,885,419; 7,609,669; 9,361,882; 8,914,290; 8,550,354; 7,827,032; 7,949,533; and 11,817,078. Id. ¶¶ 35-41.

On August 29, 2025, Honeywell, Vocollect, and Intelligrated Headquarters LLC ("Intelligrated"), originally a non-party to this action, filed a separate patent infringement action against EPS in the Eastern District of Texas, case number 2:25-cv-00918-JRG (the "Eastern District of Texas Action"). (E.D. Tex. No. 2:25-cv-00918-JRG, Doc. No. 1). In the Eastern District of Texas Action, Honeywell, Vocollect, and Intelligrated claimed EPS was infringing the following U.S. patent numbers, none of which were listed in EPS's original Complaint in this Court: 8,386,261; 9,152,940; 10,049,504; 10,769,863; 11,158,336; 12,057,139; 12,400,678. Id. ¶¶ 61-151).

More than a month later, on October 9, 2025, EPS filed an Amended Complaint in this Court against Defendants Honeywell, Vocollect, Hand Held, and also adding for the first time Defendant Intelligrated—a named-plaintiff in the Eastern District of Texas Action. (Doc. No. 7). Plaintiff again brought a single claim for declaratory judgment specifically listing all the U.S. patent numbers that were in its original Complaint, plus adding, for the first time, the U.S. patent numbers at issue in the Eastern District of Texas Action. Id. On that same day, EPS also filed its Motion to Enjoin Defendants from Pursuing Later-Filed Texas Action, arguing the Court should enjoin Defendants from pursuing the Eastern District of Texas Action under the first-to-file rule. (Doc. No. 10). Defendants opposed that motion and separately filed the Motion to Dismiss Or, In the Alternative, Transfer this action to the Eastern District of Texas. (Doc. No. 16). Among other things, Defendants argue this Court lacks personal jurisdiction over Vocollect and Intelligrated and that venue is improper in this Court. (Doc. No. 16-1 at 14-19).

With this background in mind, the Court concludes the interest of justice favors transferring this action to the Eastern District of Texas.  While the Court gives weight to Plaintiff's choice of forum, the Court notes that this action does not present the clear-cut application of the first-to-file rule that EPS argues, including that there was no overlap of any patent numbers between the original Complaint in this action and the Eastern District of Texas Action.  Nonetheless, EPS argues the Amended Complaint relates back to its original Complaint because its original Complaint referred to a prior letter Honeywell sent that referenced the 8,386,261.  (Doc. No. 10-1 at 8 n.1).  But the original Complaint in fact did not list the 8,386,261 patent, did not attach the referenced letter EPS now relies on, and the Complaint was not amended until three months later in October 2025.  (Doc. No. 1; Doc. No. 7).  EPS amended its Complaint only after Defendants filed the Eastern District of Texas Action, and in amending created clear overlap between the two actions, by for the first time including the 8,386,261 patent, along with all other patent numbers and parties in the Eastern District of Texas Action.  (Doc. No.1; Doc. No. 7).  In addition, EPS, the alleged patent infringer, is located in the Eastern District of Texas.  In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the [infringer's] documents are kept weighs in favor of transfer to that location.").  Moreover, judicial efficiency favors transfer where, as here, Defendants have raised issues regarding whether personal jurisdiction and venue are proper in this Court.  In re Pfizer Inc., 364 F. App'x 620, 622 (Fed. Cir. 2010) (unpublished) (concluding district court did not abuse its discretion in determining judicial economy and the interest of justice weighed strongly in favor of transfer where "transfer would obviate a question of personal jurisdiction.").  For these reasons, the interest of justice warrants transferring this action to the Eastern District of Texas.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss Or, In the Alternative, Transfer (Doc. No. 16) is **GRANTED IN PART** as set forth in this Order.  The Clerk is directed to transfer this action to the United States District Court for the Eastern District of Texas.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enjoin Defendants from Pursuing Later-Filed Texas Action (Doc. No. 10) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: June 4, 2026

Susan C. Rodriguez
United States District Judge